UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| Eric Goldfine, Trustee of the Self-Employed Retirement Plan and Trust, Plaintiff, | : : : : : | |
| v. | : : | Case No.: 1:15-cv-00206 |
| Steven J. Peterson, Esq. Defendant. | : : : | |

## COMPLAINT

The Plaintiff Eric Goldfine ("Goldfine"), as Sole Trustee of the Eric Goldfine Self-Employed Retirement Plan and Trust (hereafter, "SERPT") brings this civil action against Steven Peterson, Esq., an attorney licensed to practice law in Rhode Island and Massachusetts.

## PARTIES

1.  Plaintiff Goldfine is domiciled in the State of New York and is the Sole Trustee of the Eric Goldfine Self-Employed Retirement Plan and Trust ("SERPT" or "The Trust"), a trust organized pursuant to the laws of the State of New York.

2.  Defendant Steven Peterson ("Peterson") is a licensed attorney with a principal place of business in Providence, Rhode Island. Upon information and belief, Defendant Peterson is domiciled in the State in Rhode Island.

## JURISDICTION

3.    This court is vested with jurisdiction pursuant to 28 U.S.C. § 1332 due to the diversity of citizenship of the parties and value of the controversy.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(c) as Rhode Island is the residence and principle place of business of the Defendant.

## FACTUAL BACKGROUND

5.    The Whittenton Mill is a historic mill complex located at 437 Whittenton Street, Taunton, Bristol County, Massachusetts ("The Mill").

6.    The real estate on which The Mill is located was owned by non-party, Jefferson Development Partners, LLC ("JDP").

7.    JDP acquired title to The Mill by a Quitclaim Deed dated May 18, 2005.

8.    Subsequently, JDP executed a promissory note in the amount of $2,300,000.00 to United Commercial Bank on July 26, 2007.

9.    The Mortgage was recorded in the Bristol County (Northern District) Registry of Deeds on July 26, 2007 in Book 16856, Page 284.

10.   Through a series of allonges, Silverleaf Financial 7, LLC ("Silverleaf"), a Utah corporation, became the assignee and holder of the original Note.

11.   Through a series of assignments, Silverleaf then become the assignee and owner of record of the Mortgage.

12.   During April of 2012, SERPT began negotiations with Silverleaf to purchase the Note and Mortgage from Silverleaf, with The Mill property as collateral.

13. SERPT retained Defendant Attorney Steven Peterson to represent it in this transaction.

14. Defendant Peterson never executed a fee/retainer agreement between himself and the Plaintiff in this matter, or in any prior matters in which Peterson represented SERPT.

15. In May of 2012, Steven Peterson requested and received information about Silverleaf including, but not limited to, the Silverleaf Operating Agreements.

16. SERPT delegated review of these documents to its attorney, Defendant Peterson.

17. Defendant Peterson explicitly stated that he reviewed "numerous good standing certificates and Operating Agreements."

18. The Silverleaf Operating Agreement states in Section 2.7 that the Nicholas Lanphier Family Trust ("Lanphier Trust") has an interest in the Note that Plaintiff was negotiating to purchase and that Silverleaf must secure written authorization from the Lanphier Trust before transferring the Note.

19. Defendant Peterson failed to perform a basic UCC search in Utah, which would have yielded a filing for the Lanphier Trust as a secured creditor on Silverleaf's loan documents.

20. Prior to the purchase of the Note, Defendant Peterson failed to disclose to SERPT that written authorization from the Lanphier Trust was required before the Note could be sold or transferred by Silverleaf.

21. Had SERPT been aware of the restrictions on the Note, due to the Lanphier Trust's interest, SERPT would not have entered into the transaction.

22. During the negotiations, SERPT, as was its usual practice, directed Defendant Peterson to obtain Title Insurance for the purchase of the Note.

23. Defendant Peterson engaged First American, a title insurance company, to insure the Note.

24. Correspondence forwarded to SERPT by Peterson indicated that insurance had been purchased.

25. On or about May 4, 2012, a commitment for title insurance was issued, however, Attorney Peterson never finalized the coverage and the subsequent purchase of the Note was uninsured.

26. Prior to the purchase of the Note and Mortgage, Defendant Peterson failed to disclose to SERPT that the transaction would be uninsured, in direct contravention of SERPT's request and usual practice.

27. Had SERPT been aware that the transaction would be left uninsured, it would not have entered into the transaction.

28. Plaintiff paid $850,000.00 to purchase the Note and Mortgage, which included $50,000.00 intended to be used for broker and attorney fees.

29. At the time negotiations were completed, the remaining principal balance of the Note was $2,000,000.00.

30. SERPT engaged in two foreclosure actions on the Note and Mortgage, both of which were stayed due to the obligee's subsequent bankruptcy filings.

31. In January of 2014, Plaintiff, through his bankruptcy counsel, was contacted by the Lanphier Trust.

32. Any further attempts to foreclose on the Note and Mortgage by Plaintiff have been prevented by a cloud on the title caused by the Lanphier Trust's interest the Note.

33. In July of 2014, the Trustee, Eric Goldfine, met with Defendant Peterson. At this meeting, Defendant Peterson informed Goldfine that during the course of the negotiations he, Peterson, made a unilateral decision not to obtain insurance, in contravention of SERPT's

instructions, because Peterson believed that SERPT would be protected by an earlier insurance policy issued in 2005.

34. In January of 2015, following numerous unanswered requests for additional information from Peterson; SERPT submitted a claim to the title insurance company, First American.

35. On or about March 24, 2015, SERPT received a letter from First American stating that no policy was ever issued.

36. Defendant Peterson's statement that coverage from an earlier issued insurance policy would be available to SERPT was incorrect.

37. In an effort to determine ownership of the Note and Mortgage, Plaintiff is engaged in ongoing litigation with the Lanphier Trust United States District Court for the District of Massachusetts.

38. Plaintiff is also engaged in ongoing litigation, as a creditor, in the United States Bankruptcy Court, District of Massachusetts (Eastern Division).


### CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT PETERSON
### NEGLIGENCE

39. Plaintiff reiterates and incorporates by reference herein each allegation set forth in the above paragraphs.

40. At all material times, Defendant owed a duty of reasonable care to protect the Plaintiff's interest, which duty Defendant breached.  Such breach includes but is not limited to Defendant's failure to review documents, communicate with the Plaintiff, and obtain insurance coverage.

41.   As a direct and proximate result of Defendant's negligence Plaintiff has lost a substantial portion of its investment, been required to engage in expensive litigation and incurred legal fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to satisfy the jurisdictional requirements of the Honorable Court together with costs and whatever further relief this Court deems just.

### BREACH OF FIDUCIARY DUTY
### DUTY OF LOYALTY AND HONESTY

42.   Plaintiff reiterates and incorporates by reference herein each allegation set forth in the above paragraphs.

43.   At all material times, Defendant owed a fiduciary duty to protect the Plaintiff's interest, which duty Defendant breached in failing to obtain title insurance against the Plaintiff's direct lawful instruction, making misrepresentations about obtaining title insurance, and failing to disclose adverse material facts about the transaction.

44.   As a direct and proximate result of Defendant's negligence Plaintiff has lost a substantial portion of its investment, been required to engage in expensive litigation and, incurred legal fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to satisfy the jurisdictional requirements of the Honorable Court together with costs and whatever further relief this Court deems just.

Plaintiff, Self-Employed Retirement Plan and

Trust, Through its Trustee, Eric Goldfine,
By its Attorney,

*Laura C Harrington*

Laura C. Harrington, Esq. (BBO# 6079)
Harrington Law Group, PC
250F Centerville Rd
Warwick, RI 02886
Phone (401) 921-5330
Fax (401) 921-5959

Date:   5/14/15

**Plaintiff hereby demands a trial by Jury and designates Laura Harrington as trial counsel.**